IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **THELMA JEAN LAMBERT LIVING TRUST,** by its trustees Thelma Jean Lambert and Duane Lambert, on behalf of itself, and **CRIEG RITTENHOUSE** and **BERNITA RITTENHOUSE** on behalf of themselves and all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>**CHEVRON U.S.A., INC.; FOUR STAR OIL & GAS COMPANY; CHEVRON TEXACO EXPLORATION PRODUCTION INC.;** (including predecessors and successors),<br><br>　　　　Defendants. | Case No. 14-1220-JAR-TJJ |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff Thelma Jean Lambert Living Trust's Rule 56(d) Summary Judgment Motion for Limited Discovery Regarding ONEOK Partners (Doc. 134). Defendants have responded to the motion and the Court determines that no reply memorandum is necessary in order to rule. As described more fully below, the Court denies Plaintiff's motion.

Under Fed. R. Civ. P. 56(d), if a nonmovant states by affidavit that he cannot present facts essential to oppose a motion for summary judgment, the Court may, "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."[1] The decision whether to grant a Rule 56(d) motion lies within the sound discretion of the court.[2] The nonmovant must satisfy several requirements to

---

[1] Fed. R. Civ. P. 56(d); *Price v. W. Res., Inc.*, 232 F.3d 779, 783 (10th Cir. 2000) (discussing the standard under the pre-amendment subsection (f)).

[2] *Jensen v. Redevelopment Agency*, 998 F.2d 1550, 1553–54 (10th Cir. 1993).

obtain relief under Rule 56(d).  By affidavit, she must explain: (1) why facts precluding summary judgment are unavailable; (2) what probable facts she can find through further discovery; (3) what steps she has taken to obtain such facts; and (4) how additional time will allow her to controvert facts.[3]  "A party may not invoke Rule 56[d] 'by simply stating that discovery is incomplete but must state with specificity how the additional material will rebut the summary judgment motion.'"[4]

The Court has already once deferred consideration of the summary judgment motion under Rule 56(d) and allowed Plaintiff a lengthy period of time to conduct the necessary discovery to oppose the motion. Plaintiff had approximately eight months between the time the motion was filed and its response was ultimately due.  Plaintiff proceeded to respond to the motion; it also submitted a sur-reply and filed a motion to strike after Defendant's reply brief was filed at the end of June.  Yet Plaintiff waited until August 23, 2016 to file this second request for relief under Rule 56(d).  The fact that Plaintiff has filed two responsive briefs after conducting its Rule 56(d) discovery belies its claim that it has not had an opportunity to discover information essential to its opposition.  Plaintiff has been presented with ample opportunity to discover information needed to oppose the motion.  In fact, Plaintiff cancelled Alan Bates' deposition during this first Rule 56(d) discovery period after determining that it was not warranted based the very financial information that it references in this latest motion.

But most importantly, counsel's affidavit fails to meet the requirements of Rule 56(d) because it does not establish that facts precluding summary judgment are unavailable.  In fact, Mr. Sharp states just the opposite:

---

[3]*Price*, 232 F.3d at 783 (quoting *Comm. for the First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992)).

[4]*Garcia v. U.S. Air Force*, 533 F.3d 1171, 1179 (10th Cir. 2008) (quoting *Libertarian Party of N.M. v. Herrera*, 506 F.3d 1303, 1308 (10th Cir. 2007)).

2

> Partial summary judgment can already be denied based on the numerous disputed fact issues in the case, but allowing the issuance of a document subpoena and deposition subpoena to the CFO of ONEOK would help establish whether the alleged sales to ONEOK, the servicer, are made in good faith sale, or are something else (sham, faux, wash, conditional, or no sale at all). The CFO will be able to authenticate the 10-K and thus overcome the hearsay exception (unless perhaps Chevron insists on the CEO or President to do so), and can describe the careful vetting process done for statements to be made on behalf of the ONEOK company in its 10-K as well as on its website.[5]

The standard for applying Rule 56(d) is not that discovery is incomplete, or that further discovery would be helpful, or that evidence could be discovered that would authenticate evidence already presented. Plaintiff has not established through counsel's affidavit that facts precluding summary judgment cannot be presented without this additional evidence, so the Court denies the motion and at this time considers the summary judgment record closed.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff Thelma Jean Lambert Living Trust's Rule 56(d) Summary Judgment Motion for Limited Discovery Regarding ONEOK Partners (Doc. 134) is **denied**.

**IT IS SO ORDERED.**

Dated: September 15, 2016

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[5] Doc. 134, Ex. A ¶ 9.